UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Michael A. Kirkman,

    Petitioner,

    v.                                     Civil Action No. 1:12-cv-261

Vermont Department of
Corrections, et al.,

    Respondents.

## **REPORT AND RECOMMENDATION**
(Docs. 4, 8, 13)

Michael Kirkman, a Vermont inmate proceeding *pro se*, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 4.) Kirkman was convicted in state court of aggravated assault and obstructing justice, and is currently serving a sentence of seven to eighteen years. His habeas corpus petition asserts nine grounds for relief, including: that evidence was withheld by the prosecution; that evidence was withheld by defense counsel; coercion by the trial judge; coercion by defense counsel; ineffective assistance of counsel; prejudice among state court personnel; prejudice among Vermont Department of Corrections ("DOC") personnel regarding supervision; prejudice among DOC central office personnel regarding Kirkman's out-of-state transfer; and prejudice among DOC employees generally, including DOC Commissioner Andrew Pallito. Kirkman has not raised any of these claims before the Vermont Supreme Court.

Respondents now move to deny the Petition, arguing (1) that Kirkman has presented the court with a "mixed petition" containing both exhausted (by virtue of a procedural bar)

and unexhausted claims, and (2) that Kirkman has failed to argue for a stay while he pursues his remaining state court remedies. Respondents further contend that several of the named "Defendants," as well as some of Kirkman's requests for relief, should be stricken as improper. Kirkman has responded with a notice of dismissal, asking the court to dismiss his petition without prejudice because the legal resources in his prison facility are inadequate.

For the reasons set forth below, I recommend that the court DISMISS Kirkman's Petition without prejudice as unexhausted. I further recommend that Respondents' Motion to Strike Certain Respondents and to Dismiss Certain Claims (Doc. 8) be GRANTED; that Respondents' Motion to Deny the Petition (Doc. 13) be GRANTED to the extent denial is without prejudice; and that Respondents' Motion to Require Petitioner to Establish Grounds for a Stay (Doc. 8) be DENIED.

## Factual and Procedural Background

On November 28, 2011, Kirkman was sentenced to seven to eighteen years to serve after pleading nolo contendere to two counts of aggravated assault and one count of obstructing justice. He did not file a direct appeal. On January 31, 2012, Kirkman filed a motion for sentence reconsideration under 13 V.S.A. § 7042. The motion argued that his sentence was unfair when compared to sentences received by others who were convicted of less serious crimes. (Doc. 7-1 at 1.) Kirkman also noted his victim's police record, suggested that his victim's mother's employment at the DOC impacted the proceedings, and alleged ineffective assistance of counsel.

On February 7, 2012, the trial court denied the motion for reconsideration. Finding that Kirkman's primary argument was his unfair sentence claim, the court ruled that

> with the benefit of time to reconsider and reflect, the Court is satisfied that the original sentence was appropriate. The instant assault involved a deadly weapon and two victims were stabbed. Thereafter Mr. Kirkman endeavored to intimidate the witnesses involved in the stabbing case and left the state. . . . Given his previous record of assaults, the deadly weapons involved, and his efforts to obstruct justice, the Court believes that the sentence imposed . . . was fair and appropriate. It was lawfully imposed and was well within the range of maximum allowable sentences for these offenses.

(Doc. 8-5 at 3.). Kirkman did not appeal the trial court's ruling.

Kirkman claims that he subsequently filed two motions to withdraw his guilty plea, the first on July 13, 2012 and the second on September 4, 2012. The state court docket sheet, however, indicates only one such motion. (Doc. 8-1 at 7.) Consistent with the state court's records, documents submitted by Respondents show Kirkman signed a motion to withdraw his guilty plea on August 23, 2012, and that the motion was filed on August 27, 2012. (Doc. 8-7.)

In his motion to withdraw his plea, Kirkman alleged coercion by the trial judge and counsel, withholding of evidence by the prosecutor, ineffective assistance of counsel, and improper influence by his victim's mother. The State filed an opposition, arguing that because Kirkman was "'in custody under sentence,'" the court had no jurisdiction to consider the motion. (Doc. 8-9 at 1) (quoting *State v. Brooks*, 170 Vt. 597, 599 (2000) (mem.)). Although Kirkman alleges he never received a decision on his motion, the record indicates the motion was denied for lack of jurisdiction on September 10, 2012. (Doc. 8-10.)

3

Kirkman also filed two post-sentencing petitions seeking review of governmental action pursuant to Vermont Rule of Civil Procedure 75. The content of those petitions is not before this court. Kirkman subsequently dismissed both petitions voluntarily. (Doc. 8-11 at 2); (Doc. 8-12 at 2.)

Kirkman filed his *pro se* habeas corpus petition in this Court on November 29, 2012. As noted above, the Petition asserts nine grounds for relief. The first claim is that the prosecution withheld evidence relevant to Kirkman's potential self-defense argument. He contends that the prosecution delivered to defense counsel two versions of an affidavit, one of which was ten pages and the other eighteen pages. The eighteen-page version made reference to an expandable baton that Kirkman claims was used against him. The ten-page version made no reference to the baton. State court transcripts delivered to Kirkman in May 2012 allegedly revealed that the trial court was provided with only the ten-page version of the affidavit, and was thus never informed about the baton.

Kirkman's second claim is that defense counsel withheld "valuable evidence." (Doc. 4 at 9.) Specifically, he alleges that defense counsel's private investigator obtained a sworn statement from an eyewitness, but that counsel failed to submit the statement to the court. The eyewitness allegedly saw two individuals fighting with Kirkman, one or both of whom was using a baton. *Id.* Kirkman again claims that the baton was relevant to his claim of self-defense.

The third ground for relief is an allegation of coercion by defense counsel and the trial judge. Kirkman claims that at jury draw, defense counsel informed him via a hand-delivered letter that the judge would issue a more severe sentence if the case went to

4

trial. He also alleges that, prior to the seating of the jury, the judge stated, "[A]ll the State wants the Jury to convict [Kirkman] of stabbing two individuals," a fact that had already been established in a sworn statement to the investigating detective. *Id.* at 11.

In his fourth ground for relief, Kirkman claims that defense counsel threatened him with physical harm. Kirkman had reportedly planned to contact the Professional Responsibility Board about counsel's performance. Defense counsel discovered Kirkman's plan, telephoned him, and allegedly threatened to choke him if he pursued any action. Kirkman did not move forward with his professional responsibility complaint.

Ground five is a claim of ineffective assistance of counsel. This claim has several components, including: conflict of interest; erroneous advice; failure to perfect an appeal; failure to prevent a self-defense argument; and allowing the admission of perjured statements. The Petition lists these claims, but does not provide any underlying facts.

Ground six alleges prejudice among state personnel during the trial and sentencing proceedings. Although the Petition again lacks specifics, Kirkman cites a "bond" between the judge and the prosecution, and claims that "this bond spilled over unnoticed by all involved at the present time of the court proceedings." *Id.* at 15.

Grounds seven through nine also allege prejudice by state officials. Ground seven claims that DOC officials caused him to be placed in segregation for "frivolous reasons," and to lose his prison job. Ground eight claims that DOC central office personnel ordered him transferred out of Vermont only two weeks after his sentencing, resulting in his placement at a facility that lacks adequate Vermont legal materials. Finally, ground nine appears to claim that Kirkman's transfer violated a DOC Directive requiring that inmates

5

be held in Vermont for at least four months after sentencing. *Id.* at 17; (Doc. 8-6 at 1.)

For relief, Kirkman seeks immediate release from custody, as well as lost wages, back child support, and over $2 million in damages for pain and suffering. (Doc. 4 at 19.)

**Discussion**

**I.     Proper Respondent**

Kirkman has named twenty-one "Defendants" in this matter, including the trial court judge, the prosecutor, and DOC personnel. However, in a proceeding under 28 U.S.C. § 2254, the only proper Respondent is Kirkman's custodian. The "proper person to be served in the usual § 2254 habeas case is either the warden of the institution in which the (prisoner) is incarcerated . . . or the chief officer in charge of state penal institutions." Advisory Committee Note to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. "This is because it is the 'custodian' who must make the return certifying the true cause of detention, See 28 U.S.C. § 2243, and who will have to carry out the order of the court if the writ is granted." *DeSousa v. Abrams*, 467 F. Supp. 511, 512 (S.D.N.Y. 1979); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). Accordingly, I recommend that at the outset, all Respondents aside from DOC Commissioner Andrew Pallito be DIMISSED from this action without prejudice.

**II.    Proper Claims**

In addition to naming several Respondents, Kirkman has requested several forms of relief beyond release from custody. As the Supreme Court has explained,

> [f]ederal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to

6

> particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L.Ed. 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement.

*Muhammad v. Close*, 540 U.S. 749, 750-51 (2004). In this case, Kirkman is clearly challenging the validity of his underlying conviction. His Petition is filed pursuant to the federal habeas corpus statute, his claims include the assertion that he was acting in self-defense and thus wrongfully convicted, and his foremost request for relief is immediate release from prison. Accordingly, the relief he seeks is limited to that which is available in a habeas corpus proceeding, namely, release from incarceration.

As the Supreme Court noted in *Muhammad*, damages are not available in a habeas corpus proceeding. *Id.* at 751. Furthermore, an inmate may not pursue relief other than release from custody where the proceeding "would implicitly question the validity of conviction or duration of sentence" unless he has "first achieve[d] favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Id.* (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). Kirkman has not received any such favorable result with respect to his conviction or sentence, and in fact, is seeking such relief here. I therefore recommend that all claims for relief aside from Kirkman's request for release from confinement be DISMISSED without prejudice.

## III.   Exhaustion

As a general rule, a petitioner may only bring habeas claims pursuant to § 2254 if he has first exhausted his state court remedies as to each claim. *See* 28 U.S.C. §

2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."); *Rose v. Lundy*, 455 U.S. 509, 515-16, 518 (1982) ("The exhaustion doctrine existed long before its codification [in 28 U.S.C. § 2254] by Congress in 1948" and is "designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."). A petitioner may satisfy the exhaustion requirement either through a full round of the state's appellate review process or through a full round of post-conviction proceedings. *See Castille v. Peoples*, 489 U.S. 346, 350-51 (1989) ("[O]nce the state courts have ruled upon a claim, it is not necessary for a petitioner to ask the state for collateral relief [to satisfy the exhaustion requirement.]"). A full round of either appellate or collateral review requires the use of any discretionary appeal procedures that are an "established part" of the state's appellate or collateral review process, respectively. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In this case, Kirkman has not sought either direct or collateral review of his current claims. As a result, his claims have not been presented to the Vermont Supreme Court, and remain unexhausted. *See Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994) (exhaustion requirement is fulfilled when claims have been presented to "the highest court of the pertinent state").

Respondents argue that although Kirkman's claims are unexhausted, some of his claims are procedurally barred from being raised in state court, and may therefore be *deemed* exhausted. Indeed, a federal court may treat a petitioner's claim as exhausted if,

8

although unexhausted, it is clear that the claim is procedurally barred in state court. *See Ramirez v. Attorney Gen. of N.Y.*, 280 F.3d 87, 94 (2d Cir. 2001); *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991). If the claim is procedurally barred, it may not be raised in federal court unless the petitioner is able to show cause for the procedural default and prejudice as a result of thereof, *see Harris v. Reed*, 489 U.S. 255, 262 (1989), or "actual innocence." *Schlup v. Delo*, 513 U.S. 298, 321 (1995).

Of Kirkman's many unexhausted grounds for relief, Respondents contend that his allegation of judicial bias is procedurally barred from being reviewed in the state courts. Citing both Vermont and federal law, Respondents argue that because Kirkman entered a plea of nolo contendere, he waived his right to contest any non-jurisdictional defects that may have occurred prior to the plea. (Doc. 8 at 12.) Judicial bias would, presumably, be such a defect. Further, Respondents have submitted the transcript of Kirkman's Change of Plea proceeding in an effort to establish that his plea was both knowing and voluntary.

"Generally a knowing and voluntary guilty plea precludes federal habeas corpus review of claims relating to constitutional rights at issue prior to the entry of the plea." *Whitehead v. Senkowski*, 943 F.2d 230, 233 (2d Cir. 1991) (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [*McMann v. Richardson*, 397 U.S. 759 (1970)].

*Tollett*, 411 U.S. at 267; *see also In re Torres*, 2004 VT 66, ¶ 9, 177 Vt. 507, 861 A.2d 1055

9

(mem.) ("It is well settled that a defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings."). This general rule has been applied to pleas of nolo contendere. *See, e.g.*, *United States v. Freed*, 688 F.2d 24, 25-26 (6th Cir. 1982).

The rule may not apply here, however, as Kirkman's claims of judicial bias are not limited to pre-plea events. The Petition alleges a "bond" between the judge and the prosecution, and claims that this bond impacted "the court proceedings" generally. (Doc. 4 at 15.) It is also clear from the Petition that Kirkman believes his sentence (a post-plea event) was unfair. Furthermore, Kirkman alleges that judicial bias resulted in a coerced plea. If the plea was actually coerced, and therefore invalid, it would not preclude independent claims of pre-plea constitutional deprivations, as the focus would be "'not the merits of these [independent] claims as such, but rather whether the guilty plea had been made intelligently and voluntarily with the advice of competent counsel.'" *United States v. Coffin*, 76 F.3d 494, 497-98 (2d Cir. 1996) (quoting *Tollett*, 411 U.S. at 267).

The question thus becomes whether Kirkman is procedurally barred from challenging the voluntariness of his plea and/or the competence of counsel in state court. There is no statute of limitations for such challenges, as Vermont law allows a petitioner to request collateral relief "at any time." *See* 13 V.S.A. § 7131 ("A prisoner who is in custody under sentence of a court and claims the right to be released . . . may at any time move the superior court . . . to vacate, set aside or correct the sentence."); *In re Laws*, 2007 VT 54, ¶ 9, 182 Vt. 66, 928 A.2d 1210 ("[o]ne fundamental aspect of post-conviction relief is that a challenge to confinement may be brought at any time"). As to counsel's

10

competence, the Vermont Supreme Court has specifically recognized that "a [post-conviction review petition] may raise ineffective assistance of counsel[.]" *Id.*; *see also State v. Judkins*, 161 Vt. 593, 594-95, 641 A.2d 350, 352 (1993) (mem.) (explaining that, in general, "the question of ineffective assistance of counsel is limited to petitions for post-conviction relief (PCR)"). The Vermont Supreme Court has also noted, with respect to a claim of an involuntary plea, that "if a plea is unfairly obtained through ignorance, fear or misunderstanding it is open to collateral attack." *In re McGrail*, 130 Vt. 492, 495, 296 A.2d 213, 215 (1972); *see also In re Kirby*, 2012 VT 72, ¶ 14, __ Vt. __, 58 A.3d 230. Accordingly, Kirkman's unexhausted claims are unlikely to be procedurally barred in the state courts, and should not be deemed exhausted for the purpose of potential federal court review.

The appropriate disposition of this case is therefore dismissal without prejudice, as it is clear that "'there is no basis to retain jurisdiction over a petition that contains only unexhausted claims.'" *Pantoja v. New York State Div. and Bd. of Parole*, No. 11 Civ. 9709(CS)(PED), 2013 WL 866869, at *6 (S.D.N.Y. Jan. 10, 2013) (quoting *Shomo v. Maher*, No. 04-CV-4149KMK, 2005 WL 743156, at *7 n.12 (S.D.N.Y. Mar. 31, 2005)). Respondents have asked the Court to consider a stay so that Kirkman might exhaust his unexhausted claims in the state courts and then return to federal court. That request, however, was in the context of Respondents' argument that the Petition contains a mix of exhausted and unexhausted claims. Because I find that none of Kirkman's claims should be deemed exhausted, the entire Petition is unexhausted, and a stay is not an option. *See Kalu v. New York*, No. 08-CV-4984 (NGG), 2009 WL 7063100, at *5 (E.D.N.Y. Sept. 15,

11

2009) (collecting cases and holding that "the stay-and[-]abeyance procedure . . . is not available . . . [where] the petition is not mixed, and contains only unexhausted claims"); *Brown v. Superintendent of Fishkill Corr. Facility*, 2007 WL 1958914, at *2 (E.D.N.Y. June 29, 2007) ("Since the petition is facially defective for failing to set forth any [exhausted] grounds for relief, it is dismissed without prejudice.").

Finally, the Court must consider Kirkman's notice of dismissal without prejudice. Voluntary dismissals are governed by Rule 41 of the Federal Rules of Civil Procedure. *See* Rule 12 of the Rules Governing § 2254 Proceedings ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules"). In general, a Rule 41 motion for "voluntary dismissal without prejudice . . . will be allowed 'if the defendant will not be prejudiced thereby.'" *Cantanzano v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001) (quoting *Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 (2d Cir. 1985)); *see A.V. by Versace, Inc. v. Gianni Versace S.P.A.*, 261 F.R.D. 29, 31 (S.D.N.Y. 2009) ("[T]he presumption in this circuit is that a court should grant dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result."). Respondents have not identified any prejudice, and the possibility of having to defend against post-conviction relief proceedings in state court does not suffice. *See Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006) (holding that "the mere prospect of a second lawsuit" is insufficient to bar a

voluntary dismissal).[1]   Furthermore, Kirkman filed his notice of dismissal before Respondents filed either an answer or a motion for summary judgment.  *See, e.g.*, *Magritz v. Morgan*, No. 06-C-590-C, 2006 WL 5866674, at *1-*2 (W.D. Wis. Dec. 19, 2006) (holding that respondents' motion to dismiss did not deny petitioner the right to dismissal under Rule 41(a)(1)(A)); *United States ex rel. Staples v. Cowan*, No 00 C 4908, 2001 WL 290412, at *2 (N.D. Ill. Mar. 21, 2001).   The Court should therefore find that Kirkman is entitled to the dismissal of this case without prejudice.

## Conclusion

For the reasons set forth above, I recommend that the court DISMISS Kirkman's Petition (Doc. 4) without prejudice as unexhausted.   I further recommend that Respondents' Motion to Strike Certain Respondents and Dismiss Certain Claims as improper (Doc. 8) be GRANTED; that Respondents' Motion to Deny the Petition (Doc. 13) be GRANTED to the extent denial is without prejudice; and that Respondents' Motion to Require Petitioner to Establish Grounds for a Stay (Doc. 8) be DENIED.

Dated at Burlington, in the District of Vermont, this 22nd day of April, 2013.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

---

[1]  Respondents have addressed Kirkman's claim that he is unable to pursue his Petition because of inadequate legal resources at his current prison facility. Specifically, Respondents have submitted evidence to show that the DOC loaded various Vermont legal materials onto computers at the prison facility in September 2011. Kirkman was transferred to that facility in February 2012. (Doc. 13-2.) Respondents' evidence also shows that a DOC case worker mailed Kirkman a state post-conviction relief form in August 2012. (Doc. 8-6 at 2.)

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), 6(a), 6(d); L.R. 72(c).   Failure to timely file such objections operates as a waiver of the right to appellate review of the District Court's adoption of such Report and Recommendation.   *See* Fed. R. Civ. P. 72(a); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).